Tilzer, J. P.
The arresting officer testified that on June 8, 1964, from 1:30 to 1:55 p.m., he was sitting in a truck parked in front of premises 310 St. Nicholas Avenue, a stationery-candy store, and that at separate intervals he observed four men enter the store, approach the defendant, hand him money and slips of paper and then leave apparently without having made any purchase. After each transaction the defendant Sands would walk to an ice cream freezer in the rear of the store and place the slip in the freezer. Thereupon the officer, bearing a search warrant, entered the premises and removed an envelope containing 52 slips from the freezer. The 52 slips contained notations of 185 plays of mutuel race horse policy.
Appellant contends that since he was charged with “ possession ” under sections 974 and 975 of the Penal Law, it was essential that his “ possession ” be conclusively shown.
The appellant would attach to the word “ conclusively ” and impose a standard of proof upon the People more stringent than “beyond a reasonable doubt.” But the mere fact that the crime is “possession,” does not mandate a higher degree *982 of proof. As in any other crime, defendant’s “ possession ” must be established beyond a reasonable doubt.
Where the possession charged is a constructive one, the standard of proof does not vary. True the means of establishing the fact are different. But where circumstantial evidence is to be utilized, the burden is not increased so that the proof must establish to an absolute cerbamby the defendant’s “ possession.” The facts from which the defendant’s possession is inferred must be convincing, they must point directly to the guilt of the accused.
In the case of the defendant-appellant Sands the reasonable and logical inference to be drawn from the evidence is that the envelope which the officer removed from the freezer was the repository for the slips which the officer had seen the defendant place in the freezer.
In making a deduction that the circumstances point to the accused and exclude every hypothesis but that of his guilt, we are engaging in an affair of reason. We are not compelled to consider remote possibilities and reach an absurd result. To conclude on the facts before us that the envelope containing 52 slips and some 185 policy plays was put in the freezer by one of the customers would fly in the face of common sense and would be morally wrong. There was no testimony that any of these individuals had placed slips in the freezer. The reasonable inference to draw from the circumstances is that possession of the envelope was in the defendant. His possession was proven beyond a reasonable doubt.
The credibility of a witness is necessarily for the trial court who looked into his face and heard him testify rather than for the three Judges who simply read the printed record of what he said. (People v. Sanducci, 195 N. Y. 361.)
The judgment of conviction should be affirmed.